Our second case this morning is number 232177, Epic Games, Inc. v. IngenioShare, LLC. Okay, Ms. Chang. Good morning, Your Honors. May it peace of the court. In construing network-based portal to be limited to the server side of the network, the board made two legal errors. The first being that it imposed a burden of proof in claim construction on Epic Games. It began, and we can see this from the final written decision at Appendix 15 through 16, in the section discussing claim construction and the construction of network-based portal. The board said, we begin our evaluation, remains cognizant that Epic Games bears the burden of proof and that this burden of proof never shifts to the patent owner. Now, admittedly, what they were discussing was the burden of proof with respect to proving unpatentability, which is true. Right, so what's wrong with that? There's nothing wrong with that except for they took that burden of proof and imbued the entire claim construction analysis with that. And we can see that in the discussion of claim construction. Okay, let's pass over that and get to the merits of the claim construction. I'm going to use a phrase of claim functionality here to refer to the processing of the communications, which is the heart of the claims here, okay? So why isn't it the case that under the patentee's construction of network portal, which is something that gives you access to the Internet, that the claims encompass both a situation in which the portal performs the claim functionality and situations in which it doesn't, so that it doesn't really make any difference whether the phone is part of the portal, that the claims cover an embodiment, as you argue, in which the portal performs the functionality and it also includes a situation in which the portal does not perform the functionality, but the functionality is performed by a phone. Why isn't that the way to look at this? Well, the way to look at it... No, no, no, no, answer my question. If I understand your question correctly, are you assuming there is two different embodiments? There are two different embodiments, one in which the functionality is performed by the portal and one in which it's not and it's performed by the phone. And the patentee and the board said that the phone is not part of the portal. I'm saying accept that as being correct. Why is it not the case that the claims nonetheless cover both of those embodiments? There are claims, I think, the challenge claims and all the claims, I think, of the challenge patents have a network-based portal limitation. Okay, but you always need a network-based portal to get access to the Internet. The question is whether that portal also includes additional functionality, the claim functionality, as I'm referring to it. So why is it not the case that these claims include both embodiments but under a different view of the claim construction than you've presented? I think because there are two reasons. First, we have a situation where... You're arguing that it doesn't include both? I'm arguing that the claims require a network-based portal and that there's functionality performed via this network-based portal that can be performed by phone, not necessarily always. Okay, but what I'm saying, why does your argument depend on whether the phone is part of the portal? It seems to me that the argument is the claim uses the term portal, which could mean either of two things with respect to the embodiments. It could include a portal that performs the functionality and it could include a portal that simply connects to the Internet and doesn't perform the functionality. Our construction that Epic Games is advancing... Answer my question. Why don't the claims encompass that construction? I think it can, absolutely, yes. I think there are embodiments in which you can have a portal that is implemented, as Ingenious says, strictly on a server. I think there are also embodiments where there are a network-based portal that would encompass functionality both on a server and on a phone. You keep saying it would encompass functionality. I mean, the claims repeatedly say via a network-based portal or enabling via a network-based portal. Doesn't that suggest the client device is just requesting information from the portal? But it doesn't necessarily mean, to me at least, that the portal is on the client device. I don't think all claims... I think the claims at issue are broad enough that they don't have to be on the client device. I think we're proposing a construction in which it could be. That the specification and the intrinsic record describe the functionality of the portal. And that it doesn't exclude? Correct. It would not exclude embodiments in which a portal is implemented. But if the claim only talks about it being on the network portal, the portal being on the server, why... It doesn't explicitly exclude that. Is this an inherency argument? I don't believe that the claims do recite that the network-based portal is on the server. There are a set of claims that were not challenged in this IPR petitions that will then have a further limitation that the network-based portal that's being claimed functionality has to be performed at a server. But the challenge claims at issues which also recite a network-based portal does not have limitations of requiring a server. Because it doesn't have a negative one? It doesn't include an additional language. We've got to do the best we can, reading the spec and reading the claims. Absolutely. The patent distinguishes, seems to me, to distinguish a network-based portal from a client device as being two different things. And doesn't that suggest that the portal can't be on the client device? I think the specification, if taken as a whole, when it discusses, it discusses a... Maybe this is getting difficult. Let's start with one part. Do the patents distinguish between a network-based portal and a client device as being two different things? I do not believe so. I think when you read the specification and look at the claims and look at the figures and the intrinsic record as a whole, they talk about a client device as something that works within the system but can also... You're disagreeing with the board decision. I am disagreeing with the board decision. I'm a little confused. I thought the argument below was whether the portal was on the server side or on the phone. One or the other. Judge Dyke is raising the question whether it can be on both. You resisted that for a while, and then you said, okay, fine. Now, I'm confused about what we're reviewing. That's my mistake. I didn't see your argument in your brief here that it could be both. That's right. I apologize. That's right. Well, you don't need to apologize, but as you heard from the previous argument, right, you were here. We're trying to review what's presented to us. Absolutely. This is very complicated stuff, right? To be clear, in our briefing, what we say is that the network-based portal's construction is broad enough to encompass operations on a client device. Not that the client device is connecting to the Internet, but that the portal can include the client device. Correct. Correct, Your Honor. If we take a step back, what's being described in the specifications, in the teachings in the specifications, is a system in which you will have multiple client devices and multiple ways of receiving and communications, either email or phone calls and so forth. And you're going to have something that overlays on top of that, this communication management system in which now I can be the intermediary to decide how to distribute certain messages. And you can imagine the way you have to do that is you have to have some connection to the Internet in which there would be some sort of independent system that would be able to manage. A portal. A portal, absolutely. A portal has to connect to the Internet, but you're not saying that a phone performs that aspect of a portal. You're simply saying that a portal includes a phone, which performs the functionality. It can include, yes. So if we take, for example, a web server example of this communication management system, you can have functionality of the portal operating on the server, but there will also be user interfaces to the web system that is resident on the phone, which is a user's portal into the communication system. You can say it's a user's portal, but the claim term we're talking about is a network-based portal as described repeatedly in the specification and in the claims. Yes. The phone is accessing the portal, but the server is on the portal, right? But there can be operations and implementations running on the phone that the phone accesses to. Did you have an expert witness that described that? There was no expert testimony at the board. So no one explained to the board that that's possible, even though it's not called out. Yes, except for I think we can look at the specification as a whole, which tells us things like the portal provides a number of intelligent communication modes as shown in Figure 1, and then it teaches us the intelligent communication modes shown in Figure 1. Your argument is that in the specification it shows two embodiments, one in which the functionality is in the portal that connects to the Internet, and the other one in which the claim functionality is in a phone, which you say can also be part of the portal. Fair? Fair. Do you want to show us your best site in the specification for that? Absolutely. So at Appendix 270, this is the 810 patent, at Column 5, 60 through 61, the disclosure says a portal provides a number of intelligent communication modes for the users to select, as shown in Figure 1. And then it goes on at Column 7, 41 to 43. That's Appendix 271. It's really Column 6, isn't it, at Line 38? In establishing contact, the portal can't access the database. It says in another embodiment the database is on a phone. Yes, but it also says at Column 7. But can I ask you just about that? That just is talking about the access to it. It doesn't go to where it is. Right. So if we look at... Is that correct? That doesn't give you what you need? Yeah. So that was the one at Column 6 is the description of a database. But I'm talking about more broadly when it describes at Column 5, Line 60 through 61, and Column 7, Line 41 to 43. It actually talks about the portal can be used to control the selection and setting of different intelligent communication modes. And then it says at 41 through 43 and Column 7, Lines 14 through 15, that the intelligent communication modes for the users to select are on the phone. And it says the communication mode changes can be performed at an electronic device. So what it tells you, the portal allows you to control and make those selections. It tells you the phone can be that portal. The board didn't really dispute that. They recognized, did they not, that there was a second embodiment in which the functionality is performed on the phone. But they say that's irrelevant because that's downstream from the portal. Well, they don't accept that the second embodiment where methods are performed on the phone is a network-based portal. So they accept that there are different embodiments, but one, they say, is not a network-based portal, and one is the network-based portal. Our position is they are different. What they're saying is that one of those embodiments is not in the claim. Is not claimed, yes. And our position is it is claimed. It is an implementation of a network-based portal where you can have functionality performed on the client side as well as on the server side. You didn't have, I mean, typically in these cases, one would bring in an expert because all of this stuff is quite technical and there are competing and confusing sections of the specification. But you didn't give the board any of that, right? Well, I don't think there was any misunderstanding at the point when they were discussing as to what was the functionality of the network-based portal. I think the one area that there was some dispute is the embodiment in figures 7 through 11 as to whether, I think the only thing they had was their expert say that that stuff is about what happens downstream. But there was no further elucidation by their expert either which that would... But that was unrebutted. Well, it was a conclusory, Your Honor. It was a statement without... It may be conclusory, but was it unrebutted or was it not? It was rebutted in the sense that in the reply brief at the petition, the reply to the patent owner's response, we did respond to that by describing and discussing the intrinsic evidence. And so there was evidence rebutting that with respect to the intrinsic record. And that's what we've discussed also in our briefing with respect to the embodiments in 7-11 where their expert claimed that this was downstream and not what was claimed in the claims. But there are limitations about enabling the receipt of messages with respect to figure 7 that is being performed on the phone. And there is limitations with respect to then converting the messages to like a text message into voice that is also performed by the phone that is claimed by the network-based portal in the claimed limitations. So in that regard, taken in combination with the fact that there is no figures in the patent at all regarding server side, showing a server side of the thing. If we're talking about a network-based portal, that's not depicted anywhere. It's very hard to limit that aspect of the invention to server side when it's not depicted at all in any of the patent figures. Okay, I think we're out of time. Thank you. Mr. Risley? May it please the Court, Steve Risley for the FLE Engineer's Chair. So you agree that the specification shows two embodiments, one in which the claim functionality is performed on the server side portal and one in which it's not, right? I don't think I do, Your Honor, to the extent I understand your question. The network-based portal, if you're referring to that as an embodiment, then everything has to go through the portal, which is on the server side. No, no, no. Everything has to go through the portal. I mean, that's how you connect to the Internet. I understand that. But the claim functionality is something different from that. And, you know, it's the processing of the communication. And my question is, I thought it was common ground that there are two embodiments in the specification, one in which that functionality is performed by what you characterize as the portal and one in which the portal may connect to the Internet, but it doesn't perform that functionality. The functionality is performed on the phone. Is that a correct statement? I don't think so, Your Honor, and I don't think that there's any evidence in the record that supports that. Well, it's the specification. I understand that, Your Honor, but as you mentioned, it's technical. So what about the figures, figures 7 to 11? Don't they show that that functionality is being performed on the phone? Post-managing and controlling the communication, yes, Your Honor. So maybe I misunderstood your question. The claims here describe a certain functionality, which I've called the claim functionality. My question is there are some embodiments in which that claim functionality is performed by the portal and some in which it is not performed by the portal, but is instead performed by a phone, right? I think all the claims that were at issue in front of the Board, Your Honor, involved the network portal. No, I'm just saying that's not my question. I asked about the specification describing two embodiments. Is that not correct? There are embodiments in the specification that talk about what could happen to a communication once it's actually received at a client device. Okay, so in your theory, which is adopted by the Board, is that that one embodiment is not covered by these claims, right? Yes, Your Honor. To the extent if you're referring to figures 7 through 11, it's our position and the Board's position that figures 7 through 11 are not covered per se by the network-based portal. So that seems to me, first of all, questionable, that the claims don't cover one of the preferred embodiments. But why isn't it the case that portal can mean something that does no more than connect to the Internet, but it also can include a situation in which the portal performs the claim functionality, right? When you say claim functionality, Your Honor, that's where I'm having a hard time answering your question. It's the functionality shown by figures 7 to 11. Because it's downstream, I believe, was the word that was used. It's after the communication. In one embodiment, it's downstream, but in another embodiment, it's on the portal itself, right? According to you. If I may, Your Honor. Wait, wait. Answer my question. The portal is managing the communications on the server side of the network. Sometimes it's performing the functionality that's shown in 7 to 11, and sometimes it's not, right? The portal is not performing any of the functionality that's shown in figures 7 through 11, Your Honor. Ever? It's after the communication has taken place. After it's already gone through the portal, if you will, across the Internet to a client device. That's what figures 7 through 11 are talking about. I don't understand. Doesn't that come down to the question of whether or not figures 7 to 11 is or is not a claimed embodiment? Yes, Your Honor, in the claims that issue. I understand the discussions going on between you and the presiding judges. That's the question. Because if it's a claimed embodiment, then the notion that if the claim supports the embodiment, your argument is that 7 to 11 is an unclaimed embodiment. For the claims that are at issue, yes, Your Honor, that's correct. And that's the only evidence of record. That was a finding by the board, I believe. Yes, Your Honor, based on expert testimony. The board heard the argument, if I'm not mistaken. The board entertained the argument, the question about whether 7 to 11 shows an embodiment where the functionality is performed on the phone. Exactly. Without regard to the portal. Correct. The board, sua sponte, in its decision, raised that issue. Excuse me? The board, on its own, Epic didn't raise that argument about figures 7 through 11. The board didn't say they were raising it sua sponte, but it was there and it was adjudicated. Correct. And it's based on substantial evidence? Well, just to make the argument a little crisper for me, for somebody who may not understand as much of this stuff as the rest of you, but if the residing judge is correct that 7 to 11 is a claimed embodiment showing that all the functionality is performed on the phone without regard to the server, without regard to the internet, if you will, then you would agree that the claim covers both, right? No, Your Honor. You have to have the network-based portal, you have to have the communication going through the portal, which is on the server side of the network, and figures 7 through 11 are all talking about after that communication has gone through the portal to a device. Okay, but you always need some portal that connects to the internet. Every device that's going to connect to the internet has to have a connection to the internet, right? I suppose so, yes, Your Honor. Why do you need a connection to the internet to make a telephone call? That's the beauty of the invention, Your Honor. One key aspect that is... That's what I wanted to ask. Just for purposes of educating us, how does the thing work? I mean, somebody calls their doctor on the telephone and the call goes to the portal, according to the claim, correct? It says it goes to the portal. Correct, but it's a way to manage communication, so... So the call doesn't go to the telephone? Correct. It goes to the portal, it uses an ident... I'm sorry, I don't want to interrupt. The portal's on the internet? Yes, sir. When I dial the telephone number of my doctor, expecting the doctor to pick up, when the doctor finally picks up and tells me a bunch of information that's been baked in and those are the functionalities, right? Where does all that happen? So in the example, from what I understand, if I wanted to call a doctor, the communication goes through the portal, from the phone to the portal. Where is the portal? The portal is... In the cloud? A web server. On a server side, like a web server, something like that. Who owns that? In the case of this court or the patent office, or the doctor, theoretically that website would be owned by the company whose website it is. Right? But after that call goes through there, part of the... That could be the doctor's website. I believe so, in this example, yes, your honor. But the doctor might be in surgery or something, right? And so that's where the invention kicks in on intelligent communication... Does the telephone company know to direct a call to the website instead of directing it simply, like if it was a hardwired call, right directly to the doctor's office? That's in the software. Part of the issue with the tension I'm having with the doctor example, a key aspect of the invention is to remain anonymous. And I'm not sure that with a doctor and a patient, you want to be anonymous. It covers both. The doctor's analysis is easy for me to understand what it is because it says, for example, the doctor, because he sees your telephone number or my telephone number, he knows it's Cleveland. So maybe the doctor already knows a lot about what the quick call may be about. And if you want to renew your prescription, the doctor knows exactly what it is without asking. That all can be baked in, correct? I think that's part of the access priority and the mode of communication. The functionality. Right. If you're trying to go by email, it might just block an email. If you're trying to go by phone, it might go straight to voicemail, something like that. But we think, Your Honors, that this case is about substantial evidence and waiver. None of these arguments were presented below. They never presented beneath. The problem for you there is substantial evidence based on the intrinsic record, I think is what you mean. And the board, one, had some language that was at least arguably confusing about whose burden it was or how heavy a burden they were placing. I mean, the language your friend cited was under the heading claim construction. Why are we talking about the patent owner having no burden, the petitioner having the only burden when it comes to claim construction? And then they relied extensively on, they start with dictionary definitions, right? And our case law doesn't really embrace a lot of that as being the first. And so you've got a lot of, if you say, agree with the board, they finally get to the substantial evidence to support their conclusions based on the specification and the intrinsic evidence, right? You think that's enough to stand? Or would we have to remand it to the board and say, look, you looked at all this other stuff that we don't see intelligently informs the decision. But just stick to that? Or are we free to affirm just on that basis? Your Honor, I think you can affirm based on the substantial evidence and respectfully you have to recall. Substantial evidence? How is that? That doesn't come into play on the claim construction. Look, the dictionary definitions you offered with respect to portal seem to me to be correct in the sense that a portal, among other things, connects to the Internet. Okay, but that doesn't tell us whether a portal can have other functions too, such as including the phone and the functionality that comes from the phone in Figures 7-11. There's a claim construction issue here. It's clear, I think, from what you've said today and from what the board said, that there are two embodiments in the specification and that your whole argument involves excluding one of the two preferred embodiments. That's shown in Figures 7-11. And I don't think the fact that the portal connects to the Internet means that it can't do other things as well. That's right, Your Honor. The issue that was argued below, and I think that was agreed, is can it be on the server side or the client side, or I guess both. And we believe the board and IngenioShare and the specification in the intrinsic record shows that it is on the server side only. Now, the specification doesn't show it on the server side only. It shows it on the 7-11 on the phone. I don't think that's what the evidence shows, Your Honor. It's a portal. I thought you just admitted it earlier that there were two embodiments. And one is 7-11 is shown as being on the phone. 7-11, Your Honor, is after the interaction. It's still on the phone, right? 7-11 is the claim functionality. Your Honor, the portal is not. Is 7-11 the claim functionality? No. No? No. What is it? The claim functionality is a communication going through a network-based portal. 7-11 is not a claim? And the claims that were at issue and that were brief and that we submitted evidence, which they submitted no evidence on, that's talking about... You don't need evidence if it's intrinsic. Your Honor, I think you do. It's not what you and I, frankly, think it means. It's what a person of ordinary skill in the art thinks it means. So did you have an expert going through 7-11 and saying why that is not included? Yes, of course, Your Honor. That's all on the record. Your friend says that was conclusory. It's not conclusory. They deposed our expert for two-plus days with five people at the deposition. Where's your best quote from your expert about 7-11 not being included in the claims? He defined... He defined on appendix page 7195... 7195. In paragraph 64 of his declaration... Hold on. Appendix 6. Volume 3. 7195. Yes, and if I may, I don't know that, from our perspective, he didn't start with dictionary definitions. This was his testimony based on the specification, and I don't think the Board started with that either. The Board started with the institution decision in which we filed a preliminary response. Okay, where does he say the functionality shown in 7-11 is not encompassed by the claims? This is the part that says that figures 7 through 11, your Honor, specifically to your question would be 7200. Sorry for that. I went to the wrong... This is the heading, number 7. 7200. Yes, sir. We don't have 7200. I don't have it. No, we don't have that. It's... My appendix goes from 7196 to 7239. I'm happy to hand this to you. What is it? This is Dr. Ruth's declaration, who's a distinguished professor at North Carolina State University. Why do you say it's in the appendix? It's in the appendix of my copy, your Honor. Not in ours. This actually, the heading on this is exactly what you've been asking about. Patent owner's construction does not... Do you have a number at the bottom? I'm sorry, sir? Do you have a joint appendix number at the bottom? Appendix 7200. We have the first... We have page 26 and 27 of his thing, and then that's all we have. Yeah, and I see that I'm out of time, but I'm happy to... This goes through in detail, three or four pages, why... What's your best quote? From Dr. Ruskus? Yes. Essentially what I've been saying, that this is... Now, give me the quote. Well... Best quote, I'd say, your Honor, would be in paragraph 77 of his declaration, which starts on appendix 1701 and continues to the next page and says, Claim 7 concerns managing the figure 7 as well. Communications with plurality of users using at least a network-based portal and requires enabling the network-based portal to be received by the second user. It doesn't say that 7 and 11 is not included in the claims. Whereas the embodiments of figures 7 through 11 are methods performed by the second user's device, and then italicized, upon receiving a message. And these citations then are to figures 7 through 11. That's the only evidence of record in terms of what figures 7 through 11... I don't see that he says that 7 through 11 is not included in the claims. And it's not. It's a question of intrinsic evidence anyway. Your Honor, even if they're included in the claims, it has to have a network-based portal and a communication going through that first. Even if there are dependent claims that talk about what happens once the message is received on a user's device. I think you're right that a portal has to connect to the Internet, but it can have other functionality in addition. And that's the issue we're concerned about. The fact that you use a portal to connect to the Internet doesn't exclude the idea that under this specification it includes other things. Does the phone connect to the Internet upon receiving the message? I would say that's the other way, Your Honor. I'm just asking. I'm trying to understand this electronically. The phone receives a message. The message would go through the Internet, through the portal, and then come back around to the device, such as the phone. So the phone is connected to the Internet? Yes, in this example, yes. But it's downstream of managing the communication, which is what the patents are talking about. They're dependent claims on what the phone can do with the message after it's been received. That's the whole point. Your basic problem is that the functionality shown in 7 to 11 is an embodiment that normally we would construe the claims to include. And you're construing the claims to exclude it. And so is the Board. I don't think it is construing it necessarily to exclude it. It's conceivable that, as I just mentioned, after the communication of the message goes through the network-based portal. Well, if it includes it, if the claim is included, then why isn't the petitioner correct? Because we're talking about the definition of network-based portal. Whether it's covered or not, I don't know, is the issue. You're saying that this is not the claimed embodiment because this is where functionality is being performed after receiving the message. Yes, Your Honor. Why does that matter? What does it mean to say after receiving the message? What was the message? The message could have been an email. It could have been a text. It could have been a phone call. The message is the call? Yes, Your Honor. It could be a call. And so after receiving the message, the phone does all the functionality. The phone would act like a normal phone, right? No, no, no. The phone doesn't connect to the Internet. The phone is going to be connected to the Internet in some form because the portal is going to call the phone. Through the portal, right? The portal will call the phone, yes, Your Honor. But I feel like we're mixing. So is the portal in the phone? How does it electronically work? The portal is not in the phone, and I think that's a key part of what we need. How do we know that? Because the specification makes it very clear. That comes back to the definition of portal. A portal is, by definition, server side. And by definition, a client device is client side. No, I think what the definition says that a portal is what connects to the Internet. And I think you're probably right about that. But that doesn't mean that the portal can include other functionality. In fact, you argue that it does. And it can include other functionality, which is performed not by the portal, but by the phone. Because there are two embodiments in here. Your Honor, I don't believe that it covers. The definition of a network-based portal does not include functionality of the phone. And the patent clearly talks about. But your whole argument is that the portal is performing the functionality that's claimed. Yes, in claim one. All right. I think we're out of time. Ms. Tang? Just briefly, I wanted to provide the Court with some teachings from the specification about the functionality of the portal that goes beyond just being a server and connecting to the Internet. At appendix 269, that's the 810 patent at column 4, 25 through 27, it says based on the portal, the user can securely determine who can reach them. This can be done as a status indicator. And at column 4, lines 63 through 64, it says the portal can also dynamically change the access priorities of a caller. And then at column 7, 16 through 22, it says these portal functionalities can be performed by phone. Explicitly, it says a user can define the statuses, set up access priority database, such as the one shown in figure 5, and categorize a number of the user's contacts and corresponding contact classes all in the phone. So the things that they describe as the portal doing, they also describe, the specification also describes as being able to be performed on a phone. With respect to the claimed embodiment, for example, in figure 7, and the argument that that excludes, that is not the claimed embodiment of the network portal, claim 1 of the 810 patent talks about enabling receipts of communications through a network-based portal. Then dependent claim 8 of the 810 says wherein the enabling via a network-based portal depends on time. And that is exactly what is being shown in figure 7. If you look at appendix 269, column 10, 9 through 19, it describes an automated decision process to decide whether to answer a call, and that process can be based on time. So we are doing exactly, showing exactly in the embodiments in figure 7 through 11, using a phone, doing what the claims talk about a network-based portal doing. So these are claimed embodiments, and network-based portals should be construed broad enough to encompass performance of this functionality on a phone. So am I correct in understanding that the way the case was presented below was whether or not the portal was on the server side or on the phone, one or the other, not both? No, I think the way it came up in the proceedings below. Well, I'm looking at the brief here. Okay, here, yes. In your brief, I understood this to be binary. That's the way I understood the argument. I'm sorry. The language in our briefing is to say that the construction of network-based portal encompasses a server-side, I mean client-side interface. It was not to suggest that it is. You agree that the portal has to connect to the Internet. What you're saying is that it could include the functionality of the phone. Correct, correct. The system requires some Internet access for you to be able to control communications from many different devices, yes.  We haven't given any credit at all to the difference between a gateway portal and all that definitional stuff that happened at the front of the opinion, right? Yes. So the definition of the phone doesn't perform a gateway function, right? No, no, it doesn't. So if the board was right in saying that the portal is a gateway, right, then you wouldn't have an argument. I think the problem with the board's definition of a portal as a gateway was based off of extrinsic dictionary definitions that were updated. I understand, but I'm just saying for somebody who's trying to read the board decision and understand how they got where they got, they thought it was important to decide what a portal was, and they equated a portal with a gateway. And a phone can't be a gateway. It is not in this situation. Correct, correct. So I'm just trying to piece together the decision that got made by the board Can I ask a process question in that regard? My recollection is after institution, the board asked about the definitions, if there were any definitions, and the other side provided those definitions, and EPIC did not provide any. I believe the way the institution decision happened was that it found that the construction of network-based portal that was being advocated by a patent owner would exclude embodiments and then said if the parties want to argue more about claim construction in the proceedings, they can. Did they ask for definitions? They did not ask for definitions. Okay. Thank you. Thank you. Thank both counsels. The case is submitted.